# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:16-cv-00162-MR
### CRIMINAL CASE NO. 2:91-cr-00081-MR-1

| | | |
|---|---|---|
| **KENNETH RANDOLPH PATTERSON,** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order again holding this action in abeyance.  [CV Doc. 7].[1]

Petitioner was found guilty of robbery and use of a firearm during and in relation to a robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(e)(1); theft, in violation of 18 U.S.C. § 2113(b); and assault and putting in jeopardy the lives of the tellers while committing robbery, in violation of 18

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00162-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 2:91-cr-00081-MR-1.

U.S.C. § 2113(d).  [CR Doc. 1 at 6].  The presentence report noted that Petitioner had at least two prior qualifying convictions that triggered the Career Offender enhancement under section 4B1.2 of the Sentencing Guidelines: (1) a 1974 South Carolina conviction for housebreaking and larceny and (2) a 1977 South Carolina conviction for housebreaking and larceny (two cases counted as a single predicate).  The Court sentenced Petitioner as a Career Offender to a term of imprisonment of 387 months. [Id.].

On June 10, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255, and he filed a Supplemental Motion to Vacate through counsel on July 13, 2016.  [CV Docs. 1; 3].  In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior convictions under South Carolina law for housebreaking and larceny no longer qualify as "crimes of violence" under the Guidelines.  [CV Doc. 3 at 3-4].  Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful.  [Id.].

In response to the petition, the government filed a motion to hold this proceeding in abeyance pending the Supreme Court's decision in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544).  [CV Doc. 4].  One of the

questions presented in <u>Beckles</u> was whether <u>Johnson</u> applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).  The residual clause invalidated in <u>Johnson</u> is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").  This Court granted the government's motion and held this matter in abeyance pending the <u>Beckles</u> decision.  The government was granted sixty (60) days after the <u>Beckles</u> decision to file a response to Petitioner's motion to vacate.  [CV Doc. 5].

On March 6, 2017, the Supreme Court issued its decision in <u>Beckles</u>, holding that "the advisory [Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause" and that <u>Johnson</u>, therefore, does not apply to invalidate the residual clause of the career-offender Guideline. 137 S. Ct. 886, 890, 895 (2017).  In the wake of <u>Beckles</u>, Petitioner filed a supplemental brief in support of his motion to vacate, in which he argues that <u>Beckles</u> does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory.  [CV Doc. 6 at 1].

The government contends that the Fourth Circuit will soon hear oral argument in <u>United States v. Brown</u>, No. 16-7056 (4th Cir.), in which the

defendant has argued that his career-offender sentence should be vacated under <u>Johnson</u> because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory. The government argues that the Fourth Circuit's decision in <u>Brown</u> may be dispositive of Petitioner's claim for relief under <u>Johnson</u>. Even if not dispositive of Petitioner's entire claim, the government argues, the <u>Brown</u> decision will be dispositive of certain of the legal issues posed by Petitioner's motion to vacate.

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 7], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Fourth Circuit's decision in <u>United States v. Brown</u>, No. 16-7056 (4th Cir.). Thereafter, the government shall have 45 days from the date the Fourth Circuit decides <u>Brown</u> within which to file its response in this matter.

**IT IS SO ORDERED.**          Signed: May 9, 2017

Martin Reidinger
United States District Judge